Muñoz, Appellant, v. Registrar of Humacao, Respondent.

## Appeal from a Decision of the Registrar of Property Refusing to Record a Contract of Sale.

### No. 371.—Decided December 16, 1918.

Record of Title—Conjugal Partnership—Surviving Spouse—Parties—Personal Action.—In a personal action for the recovery of a debt contracted by a husband during wedlock it is not necessary to make the widow a party defendant as a member of the conjugal partnership. After the death of the husband it is sufficient to bring the action against his widow and heirs.

Id.—Id.—Creditors—Liquidation.—The fact that a conjugal partnership has not been liquidated does not prohibit creditors from bringing actions against it.

Id.—Id.—Dormant Inheritance—Heirs.—The forced sale of a property by the marshal in representation of the widow and unknown heirs of the deceased husband is, as to the heirs, a sale in the name of a dormant inheritance, and this being so, a previous record in the names of said heirs is not required.

The facts are stated in the opinion.

*Mr. Ramón P. Rodríguez* for the appellant.

The respondent appeared by brief.

Mr. Chief Justice Hernández delivered the opinion of the court.

On August 25, 1917, Ramón Aníbal Muñoz brought an action of debt in the District Court of Humacao against Juan de Dios Medina, now his succession composed of his wife, Josefina Fuentefrías, and of unknown heirs designated in the complaint as John Doe and Richard Roe, and after entry of the default of the defendants, of whom Josefina Fuentefrías was summoned personally and the unknown heirs by publica-

710 MUÑOZ v. REGISTRAR OF HUMACAO. [Vol. 26, P. R. R.

tion, the said court rendered judgment on December 10, 1917, for the plaintiff. In execution of the judgment two rural properties, which were recorded in the Registry of Property of Humacao in the names of the spouses Juan de Dios Medina and Josefina Fuentefrías, were sold at public auction to the plaintiff in part payment of the debt.

On May 6, 1918, Rafael Más Florido, marshal of the District Court of Humacao, executed before Notary Ramón P. Rodríguez Alberty in the name of the Succession of Juan de Dios Medina, composed of the widow, Josefina Fuentefrías, and other heirs unknown, a deed of sale to the two rural properties to Ramón Aníbal Muñoz, to whom they had been sold, and the Registrar of Property of Humacao refused to record the instrument for the reasons given in the following decision:

"Admission to record of this instrument is denied because the registry shows that the properties sold are not recorded in the names of the defendant vendors, but in the names of the spouses Juan de Dios Medina López and Josefina Fuentefrías Meléndez, and there is nothing in the registry to show that the said conjugal partnership has been liquidated, and also because this instrument does not show that the action was brought against Josefina Fuentefrías, the wife, as the potential owner of half of the properties upon the liquidation of the conjugal partnership, but that she was sued only as a member of the Succession of Juan de Dios Medina. A cautionary notice has been entered, etc."

By virtue of an administrative appeal taken therefrom by Ramón Aníbal Muñoz the above decision is submitted to us for review.

We do not concur in the reasons upon which the decision appealed from is based.

No question has been raised as to the origin of the debt and the judgment rendered by the District Court of Humacao shows that it was contracted during the wedlock of Juan de Dios Medina and Josefina Fuentefrías.

If it had been sought to collect the debt during the existence

of the conjugal partnership Medina-Fuentefrías it would have been proper to bring the action against the husband without joining the wife as a party. *Porto Rican Leaf Tobacco Co.* v. *Ereño et al.* 16 P. R. R. 961. Consequently, after the death of the husband he should be substituted in the action by his succession, which continues his personality, as was done in this case. Moreover, the action set up in the complaint is of a purely personal character and is not directed against certain property belonging to the conjugal partnership; therefore there is no reason for making the wife a party defendant, as held by the registrar, as the potential owner of half of the properties upon the liquidation of the conjugal partnership. In any event the defendant widow did not oppose the complaint although she was summoned.

Nor can the decision appealed from be sustained on the ground that the properties appear recorded in the registry in the names of the spouses Juan de Dios Medina and Josefina Fuentefrías and not in the names of the defendant vendors without any showing in the registry that the conjugal partnership had been liquidated. The fact that the conjugal partnership was not liquidated does not prevent the creditors from bringing whatever action they may deem themselves entitled to bring. If the registrar intended to point out that the deed was not recordable because the properties were not recorded in the names of the unknown heirs of the late Juan de Dios Medina, for they are recorded in the name of the widow, we are of the opinion that this is not a sufficient reason for refusing to record the deed, for as regards the unknown heirs the estate of their ancestor Juan de Dios Medina must be considered as dormant and a previous record in their names is not required. As they are unknown it is impossible to present evidence to show that they have repudiated the inheritance.

An estate is dormant when unclaimed by anyone. Scaevola, General Principles of Civil Law, p. 130.

Execution having issued against the heirs of the debtor and the property having been sold in representation of the dormant estate because the said heirs were unknown, a previous record in the name of the heirs cannot be required. Decision of the General Directorate of Registries of April 25, 1890.

The sale in the names of the unknown heirs of Juan de Dios Medina designated as John Doe and Richard Roe, in so far as refers to them, is a sale in representation of a dormant estate, for the reason that such names do not refer to persons known or certain, but by a legal fiction they indicate the unknown heirs of Juan de Dios Medina.

For the foregoing reasons the decision appealed from should be reversed and the record ordered.

*Reversed.*

Justices del Toro, Aldrey and Hutchison concurred.
Mr. Justice Wolf dissented.

---

DISSENTING OPINION OF MR. JUSTICE WOLF.

I agree with the court that for a debt it is sufficient if the husband is sued in his lifetime, the wife then being an unnecessary party inasmuch as the husband is the administrator of the matrimonial society. When, however, he dies his wife, being a full partner, is entitled to be heard in a suit equally with the husband's heirs or estate. Such estate or heirs in nowise represent her as did the husband in his lifetime. In my opinion it was necessary that the wife here should have been made a party, not as a member of the succession, but in her own right. Hence I think on this ground the registrar was right in refusing to record.

With the other part of the opinion relating to the dormant estate I am in accord.